UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| DUSTIN M. KINNETT, | : Case No. 3:25-cv-00208 |
| Plaintiff, | : |
| | : District Judge Thomas M. Rose |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : |
| STATE OF OHIO, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Plaintiff Dustin M. Kinnett has applied to proceed *in forma pauperis* (or "IFP") in this case[1] three times. (Doc. Nos. 4, 9, 29.) His first Application was denied because it included "an indecipherable answer as [to] his monthly income" and because "Plaintiff also failed to fill out the entire form." (Doc. No. 8.)

The undersigned found "Plaintiff's second Application [to] suffer[] from similar issues." (Doc. No. 26 [discussing Doc. No. 9].) For example:

> Plaintiff states, under penalty of perjury, that he is employed by "Do Good Aquatics" and makes "under $400" per month from this employment. (*Id*. [Question I].) Contrary to his First Application, Plaintiff states that he has no dependents, although he asserts that he pays monthly child support. (*Id*. [Question III; Question VII].) Plaintiff failed to answer Question IV, which asks whether, within the previous twelve months, he has "received any income from a business, profession or other form of self-employment, or in the form of rent payments, retirement benefits, annuity payments, interest of dividends, or any other source." (*Id*. at PageID 154.) Notably, in his

---

[1] The instant case was originally filed in this Court's Eastern District as Case No. 2:25-cv-631 and was transferred to the Western District and renumbered as Case No. 3:25-cv-208. (*See* Doc. No. 12.) Plaintiff has a second case, similarly captioned *Dustin Kinnett v. State of Ohio*, *et al.*, pending in the Western Division as Case No. 3:25-cv-248. The cases are related but proceeding separately.

> Complaint, Plaintiff describes himself as "a small business owner who has operated businesses in Ohio for over 25 years, including 'Do Good Aquatics,' a specialty marine aquarium business that engaged in interstate commerce through online sales, importation of specimens from multiple states and countries, and sales to customers across state lines." (Complaint, Doc. No. 1 at ¶ 15.) Plaintiff asserts that he owns real estate valued at $100,000, but no vehicles, and that he pays two monthly bills. (Doc. No. 9 [Questions VI, VII].) Plaintiff's Second Application is, like his First Application, materially deficient. (*Compare* Doc. No. 9 *with* Doc. No. 4.)

(Order, Doc. No. 26 at PageID 228-229.) Noting that "the Court still cannot determine whether he should be granted IFP status," the undersigned advised Plaintiff that if he "wishes to proceed in this case *in forma pauperis* and without prepaying the $405 in filing costs, he must submit a fully completed, accurate application." (*Id*.)

Unfortunately, Plaintiff's answers in his Third Application are still ambiguous or incomplete. (Doc. No. 29.) He again asserts that he is self-employed, but lists a different company (DK Remodeling).[2] (*Id*. at PageID 242 [Question I].) When asked how much he makes per month, Plaintiff did not provide a number and stated: "It varys [sic], very little right now Due to circumstances." (*Id*.) Plaintiff states that he has received only $500 over the last 12 months from self-employment and lists no other income or money received from any other sources. (*Id*. [Question IV].) Plaintiff's response to the question asking how much "cash on hand or money in a savings, checking, or other account" he has is unclear—it may say "$510.00 or less" or "$5/0.00 or less." (*Id*. [Question V].) Plaintiff states that he owns no real estate or other assets. (*Id*. at PageID 243 [Question VI].) He

---

[2] It does not appear that DK Remodeling is a new venture, as Plaintiff disclosed it in 2024 in a different IFP application. *See Kinnett v. State of Ohio*, No. 2:24-cv-4172, 2024 U.S. Dist. LEXIS 227905, at *2 (S.D. Ohio Dec. 17, 2024) ("[Plaintiff] says he is currently self-employed at D.K. Remodeling").

also provides a question mark for the amount of child support that he pays each month. (*Id*. [Question VII].) Plaintiff does not account for the real estate he previously disclosed to the Court,[3] omitted his previous income of "under $400" *per month* from his self-employment with Do Good Aquatics and listed an entirely different monthly bill from the previous application. (*Id*.)

Despite being given three opportunities to do so, Plaintiff has not complied with the Court's order to submit a fully completed and accurate application and has not demonstrated that he should be granted *in forma pauperis* status. *See West v. AFSCME Bldg. Corp.*, No. 2:22-cv-2235, 2022 WL 18142399, at *1 (W.D. Tenn. Apr. 14, 2022) (under 28 U.S.C. § 1915, "the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form[.]"). The undersigned recognizes that "plaintiffs need not promise to give 'the last dollar they have or can get' to the point that they 'make themselves and their dependents wholly destitute'" in order to proceed *in forma pauperis. Stansberry v. Pappadeaux*, No. 1:22-cv-667, 2023 WL 2133488, at *2 (S.D. Ohio Feb. 21, 2023) (quoting *Adkins v. E.I. DuPont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). But the limited and contradictory information that Plaintiff provided in his Application(s) do not show that he will be destitute if required to pay the Court's filing fee.

---

[3] Plaintiff elsewhere discusses an "adjoining parcel" located "next to his homestead at 19411 Pence Road[.]" (*See* Doc. No. 10 at PageID 156.) This property is or was reportedly subject to a writ of restitution. (*Id*.) In a different case, Plaintiff discusses the "homestead" parcel at 19411 Pence Road and a "wrongful foreclosure." (*See* Doc. No. 1-1 at PageID 4 in *Kinnett v. State of Ohio,* Case No. 3:25-cv-248.)

More importantly, it does not appear that Plaintiff has fully disclosed his financial status to the Court. If Plaintiff truly has only received $500 over a twelve-month period, then it is unclear how he has been able to support himself or his dependent(s). He also has not identified his monthly expenses. The undersigned cannot conclude from the vague and contradictory information in the Applications that Plaintiff's financial status prevents him from paying $405 to litigate this case while still providing for the necessities of life.[4] *See Adkins*, 335 U.S. at 339.

This is not the first time that this Court has so concluded. Earlier this year, this Court denied Plaintiff's IFP application in a different case because he did not comply with the Court's orders to further explain his financial status. *See Kinnett v. State of Ohio*, No. 2:24-cv-4172, 2024 U.S. Dist. LEXIS 227905, at *1-3 (S.D. Ohio Dec. 17, 2024) (Jolson, M.J.), *report and recommendation adopted,* 2025 U.S. Dist. LEXIS 15816, at *1 (S.D. Ohio Jan. 29, 2025) (Morrison, C.J.). Some of the same issues were raised, and remained unresolved, in that case:

> Previously, the Court observed it was unable to determine how Plaintiff supports himself. (Doc. 2). For example, in his *in forma pauperis* motion, Plaintiff lists more than $1,200 in monthly expenses, plus half of the monetary support for his minor child. (*Id.* at 2-3). But he does not specify how much that support is. (*Id.*). And while he says he is currently self-employed at D.K. Remodeling, he provides no estimate of how much money he makes per month, other than to say he "basically hasn't had any income at all [since 2023] due to the . . . Defendants." (Doc. 1 at 2; *see also id.* at 3 (representing Plaintiff has less than $50 in cash on hand or bank accounts)). The Court noted that it required more specificity. Indeed, his

---

[4] The total amount to file is $405, which consists of a civil filing fee of $350, plus a $55 administrative fee. *See* 28 U.S.C. § 1914; Administrative Office of the U.S. Courts, *District Court Miscellaneous Fee Schedule*, United States Courts, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited December 22, 2025).

4

> filing does not give clear insight into his income or support he may receive that would allow the Court to fully evaluate his financial status. *See* 28 U.S.C. § 1915(a). In other words, it is not clear from his affidavit that the one-time payment of the court's filing fee would render the Plaintiff unable to provide for himself. *See Adkins*, 335 U.S. at 339.
>
> The Court ordered him to submit a revised Motion for Leave to Proceed *in forma pauperis* on or before December 5, 2024. (Doc. 2). In his revised Motion, Plaintiff was to provide the Court with income received from any source, including an estimate of how much he makes per month through self-employment. Alternatively, if Plaintiff relies on friends or family to assist in paying monthly expenses, Plaintiff was to make that clear in his revised Motion.
>
> . . .
>
> Plaintiff missed the deadline to file his revised Motion. Therefore, the Undersigned **RECOMMENDS** Plaintiff be ordered to pay the filing fee **within thirty (30) days** or else his case should be **DISMISSED without prejudice** for failing to pay the filing fee.

*Kinnett*, 2024 U.S. Dist. LEXIS 227905, at *1-3.

Here, the Court has given Plaintiff three opportunities to provide clear answers to the simple questions in the IFP application. He has not done so. The Court should therefore decline to allow him to proceed without prepaying the filing fees. Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Plaintiff's IFP Applications (Doc. Nos. 9, 29) and **ORDER** him to pay $405 (the $350 filing fee plus a $55 administrative fee) in full within thirty days if he wants to proceed.

Plaintiff may object to this recommendation as detailed in the section below. In the alternative, Plaintiff may pay $405 to the Clerk of this Court. Plaintiff is reminded that he must keep the Court informed of his current mailing address while this case is pending.

**IT IS SO RECOMMENDED.**

    *s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen (14) days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).